UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRED MCBRIDE,

        Plaintiff,

        v.                                Case No. 22-cv-462-bhl

RANDALL HEPP, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Fred McBride, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on McBride's motion for leave to proceed without prepayment of the full filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

McBride has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McBride has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.71. The Court will grant the motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

McBride is an inmate at the Waupun Correctional Institution. Dkt. No. 1 at 1. Defendants are Warden Randall Hepp, Deputy Warden Emily Propson, Security Director Joseph Falke, Captain Kinnard, and Correctional Officer II Michael Lueneburg. *Id*. at 1.

On January 21, 2022, McBride was housed in clinical observation in the Restrictive Housing Unit (RHU). *Id*. at 2-3. At around 10:35 a.m., McBride asked for his inhaler and Lueneburg gave it to him after placing a tether on McBride's wrist. *Id*. at 3. McBride used his inhaler then placed his hands on the "trap" to ask if Lueneburg would call a captain or a lieutenant to discuss having additional property in clinical observation. *Id*. Lueneburg responded that he would not help with the property issue until McBride removed his hand from the trap and let him close the trap door. *Id*. McBride then stated, "never mind don't worry about it I'll just hold the trap until one of the CPTS/Lt.S come and do a observation check." *Id*. Lueneburg then yelled, "get your fucking hands off the trap nobody's coming down here." *Id*. McBride responded, "No I'll just wait and hold the trap until someone else come and talk to me." *Id*.

According to McBride, Lueneburg then started attacking him with a wrist tether, banging and scrapping it against McBride's hands while yelling, "get your fucking hands in." *Id*. McBride states this caused a lot of pain and blood. *Id*. Lueneburg paused the attack for a moment and McBride asked him, "what's wrong with [you]?" *Id*. Lueneburg said "a lot" and started attacking him again with an "enraged" look on his face. *Id*. McBride then attempted to grab the tether and pull it into his cell, at which point Lueneburg attempted to slam McBride's fingers into the trap door. *Id*. at 3-4. McBride was able to move his hands quickly enough that only the tether got

3

stuck in the trap door. *Id*. at 4. Lueneburg then radioed for help, showed McBride his bloody hand, and said, "this isn't over." *Id*. McBride again asked Lueneburg what was wrong with him and Lueneburg again responded, "a lot." *Id*. Kinnard arrived a short time later and took McBride to the Health Services Unit to treat his hand. *Id*. Kinnard also reported that Lueneburg would not be returning to work in the RHU for the rest of the evening and to let him know if there were any more problems. *Id*. For relief, McBride seeks monetary damages. *Id*. at 5.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). McBride asks to proceed with an Eighth Amendment excessive force claim against all of the defendants. Dkt. No. 1 at 4.

To state a claim for excessive force under the Eighth Amendment, McBride must allege that a defendant applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived, efforts made to temper the severity of the force, and the extent of injuries caused by the force. *Whitley v. Albers*, 475 U.S. 312, 321 (1986); *Rice*, 675 F.3d at 668. A "prisoner need not show a 'significant injury' in order to have a good claim under the [E]ighth [A]mendment, if a guard inflicted pain maliciously or sadistically." *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing *Hudson*, 503 U.S. at 7).

4

McBride alleges that Lueneburg attacked him on January 21, 2022 for the purpose of causing pain. McBride appears to concede that he refused to comply with several orders to remove his hands from the trap door but alleges that Lueneburg's response was inappropriate and intended to severely injure him rather than gain compliance with the order. McBride contends Lueneburg appeared "enraged" while attacking him and that Lueneburg was not allowed to return to work for the rest of the evening after Kinnard found out what happened. Based on these allegations, the Court can reasonably infer at this stage of the litigation that Lueneburg may have applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. The Court will therefore allow McBride to proceed with an Eighth Amendment excessive force claim against Lueneburg regarding the January 21, 2022 incident.

The Court will dismiss the claims against the remaining defendants. McBride states that, "the other defendants Randall Hepp, Emily Propson, Joseph Falke, [and] Captain Kinnard are all CO II Lueneburg's superiors and supervisors" and were therefore responsible for failing to train, for failing to supervise, and for assigning Lueneburg to the RHU post. Dkt. No. 1 at 4. McBride only seeks monetary damages in this lawsuit, so he has no claim against any of the defendants for failure to train. *See Walston v. Baldwin*, No. 3:16-CV-0884-MJR, 2016 WL 6610432, at *3 (S.D. Ill. Nov. 9, 2016) (noting that failure to train claims can only proceed as official capacity suits against the State for injunctive relief because the State is immune from money damages under the Eleventh Amendment.) Further, there is no supervisory liability under §1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Hepp, Propson, Falke, and Kinnard are not liable simply because they are supervisors. Finally, McBride does not allege that Hepp, Propson, Falke, and Kinnard knew that Lueneburg was going to attack McBride on January 21,

2022 or that they were otherwise involved in the incident while it occurred. McBride therefore fails to state a claim against Hepp, Propson, Falke, and Kinnard and they will be removed from this case.

## Conclusion

The Court finds that McBride may proceed with an Eighth Amendment excessive force claim against Lueneburg regarding the January 21, 2022 incident.

**IT IS THEREFORE ORDERED** that that claims against Randall Hepp, Emily Propson, Joseph Falke, and Kinnard are **DISMISSED**.

**IT IS FURTHER ORDERED** that McBride's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of McBride's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Lueneburg.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Lueneburg shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of McBride shall collect from his institution trust account the **$346.29** balance of the filing fee by collecting monthly payments from McBride's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McBride is transferred to another institution, the transferring institution shall forward a copy of this Order along with McBride's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McBride is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on May 10, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge